IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PETER AGOURIDIS,

  Petitioner,

v.

UNITED STATES OF AMERICA,

  Respondent.

Civil Action No.:  DKC-23-1372
Related Criminal Case No. 09-490

**MEMORANDUM OPINION**

Petitioner Peter Agouridis requests that his 2010 conviction for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) be expunged.  ECF No. 1.  For the reasons discussed below, that request for expungement must be denied.

On April 29, 2010, Mr. Agouridis pleaded guilty to one count of possessing a firearm that was not registered.  *United States v. Agouridis*, Criminal No. 09-0490 (D. Md.), ECF No. 15.  At sentencing on August 16, 2010, Mr. Agouridis was placed on probation for a period of three years and ordered to pay a fine of $5,000.  *Id.*, ECF No. 21.  Mr. Agouridis' probation was terminated on March 8, 2012.  *Id.*, ECF No. 25.  On May 22, 2023, Mr. Agouridis filed a request for expungement, reciting the events that have taken place in his life, including his desire to transition into "more stable employment."  He fears that this felony conviction will inhibit those efforts.

The court's expungement power is narrowly confined to circumstances not applicable here.  Congress has conferred on the courts expungement power only to amend inaccurate records, s*ee* 5 U.S.C. § 552a(d)(2) (2012), or for certain drug-possession offenses, *see* 18 U.S.C. § 3607(c) (2012).  Likewise, any inherent power to expunge a record of conviction, if it exists, would only apply in the most exceptional circumstances.  The Fourth Circuit observed, nearly 40 years ago, that a federal court has limited equitable power to expunge convictions, to be exercised only in

"exceptional circumstances." *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984). At that time, courts found that expungement of a conviction was appropriate if "necessary to preserve basic legal rights," *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978) (quoting *United States v. McMains,* 540 F.2d 387, 389 (8th Cir. 1976)), such as when the conviction was obtained unconstitutionally or as a result of government misconduct. *See Allen*, 742 F.2d at 154.

Ten years after the decision in *Allen v. Webster*, the Supreme Court of the United States decided *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), narrowing a court's equitable discretion to exercise "ancillary jurisdiction" to two circumstances. Those are "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379-80. Since *Kokkonen* was decided, courts around the country have ruled that a district court lacks discretion to grant expungement on equitable grounds. *See, e.g. United States v. Lucido*, 612 F.3d 871, 875-76 (6th Cir. 2010); *Doe v. United States*, 833 F.3d 192, 198 (2d Cir. 2016). The Fourth Circuit has done so as well, albeit in an unpublished decision: *United States v. Mettetal*, 714 F. App'x. 230, 234-35 (4th Cir. 2017). The court noted the growing trend among the circuits concluding that *Kokkonen* "outright bars federal courts from invoking ancillary jurisdiction to expunge criminal records for purely equitable reasons." *Id*. at 234 (quoting, among others, *United States v. Dunegan*, 251 F.3d 477, 479 (3rd Cir. 2001)). Other trial courts in this circuit agree: *United States v. McMiller*, Case No. 5:06-CR-00007, 2023 WL 7027973 (W.D. Va. Oct. 25, 2023).

Here, Mr. Agouridis makes no showing of any "exceptional circumstances" sufficient to support expungement of his 2010 conviction, even under the outdated framework applicable prior to *Kokkonen*. He provides no basis for the court to grant his requested relief, expressing only his

regret about his actions and stating that he has not had any issues with the criminal justice system before or after this conviction.  ECF No. 1.  Mr. Agouridis pleaded guilty to the crime and completed his sentence, which he does not contest as being unlawful in any way.  While the court acknowledges his desire to find more stable employment, no exceptional circumstances exist supporting expungement, and the court lacks discretion in any event.

      For these reasons, Mr. Agouridis' request for expungement is denied and dismissed.  A separate Order follows.


May 30, 2024                                                                  /s/
                                                              DEBORAH K. CHASANOW
                                                              United States District Judge